IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP J. VONVILLE, | : | Civil No. 1:21-CV-1617 |
| Petitioner, | : | |
| v. | : | |
| COMMONWEALTH OF PENNSYLVANIA, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Self-represented Petitioner Phillip Joseph Vonville ("Petitioner"), a pretrial detainee presently confined at the Monroe County Correctional Facility ("MCCF") in Stroudsburg, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Named as Respondents are the Commonwealth of Pennsylvania, the Pennsylvania Attorney General's Office, and the Warden of MCCF. (Doc. 1.) The petition is accompanied by an *in forma pauperis* application and motion to amend the petition to name MCCF Warden Gary Haidle as the proper respondent. (Docs. 6, 10.) The petition has been given preliminary consideration and, for the reasons that follow, Petitioner will be granted *in forma pauperis* status for the sole purpose of the filing of this action, his motion to amend to name the correct Respondent will be granted, but his petition will be dismissed without prejudice because there continues to be an ongoing state court criminal

proceeding and related state court appeals.  *See* Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.[1]

## BACKGROUND

On July 13, 2010, Vonville was convicted by a Monroe County Court of Common Pleas jury of third-degree murder, 18 Pa. C.S. § 2502(c), for the stabbing death of Christopher Hernandez.[2]  He was sentenced to a term of twenty to forty years' imprisonment in a state correctional institution.  Vonville's judgment of sentence was affirmed by the Pennsylvania Superior Court on November 11, 2011.  He then filed a timely post-conviction petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA. CONST. STAT. § 9541, *et seq.*  His petition was denied on October 9, 2012.  *Pennsylvania v. Vonville*, No. 1708CR2009, 2012 WL 9516079 (Pa. Com. Pl. Oct. 9, 2012).  The Superior Court affirmed the denial of the petition on September 19, 2013.  The Pennsylvania Supreme Court denied his petition for allowance of appeal on April 29, 2014.  *Commonwealth v. Vonville*,

---

[1] Rule 4 states in pertinent part that: "The clerk must promptly forward the petition to a judge … and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  Rule 1(b) permits application of these rules to habeas corpus petitions filed pursuant to 28 U.S.C. § 2241.

[2] The court takes judicial notice of the electronic docket in Vonville's underlying criminal case, available to the public via the Unified Judicial System of Pennsylvania Web Portal, *https://ujsportal.pacourts.us/CaseSearch* (last visited Nov. 4, 2021), *Commonwealth v. Vonville,* CP-45-CR-0001708-2009 (Monroe Cnty. Ct. Com. Pl.).

No. 2993 EDA 2012, 2013 WL 11253765 (Pa. Super. Sept. 2013), *aff'd,* 625 Pa. 643, 89 A.3d 1285 (Pa. 2014) (Table, 773 MAL 2013).

On August 7, 2014, Vonville filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  A Federal Public Defender was appointed to represent Vonville.  On November 5, 2018, Magistrate Judge Martin Carlson issued a report and recommendation finding, in relevant part, that:

> the fundamental, structural error in the jury instructions in this case, which permitted the jury to draw an adverse inference regarding Vonville's intent from Vonville's silence after the trial court's evidentiary rulings silenced Vonville's other witnesses, justifies habeas corpus relief for the petitioner.  Therefore[,] it is recommended that this petition for writ of habeas corpus be granted.

*Vonville v. Kerestes*, Civil No. 3:14-CV-1582, 2018 WL 7505650, at *6 (M.D. Pa. Nov. 5, 2018), *report and recommendation adopted,* No. 3:14-CV-1582, 2019 WL 1040747 (M.D. Pa. Mar. 5, 2019).  The Honorable A. Richard Caputo adopted Magistrate Judge Carlson's Report and Recommendation and conditionally granted Vonville's petition.  The Judge Caputo directed the Commonwealth "to retry Vonville within 120 days or release him from custody."  *Vonville v. Kerestes*, No. 3:14-CV-1582, 2019 WL 1040747, at *1 (M.D. Pa. Mar. 5, 2019), *appeal dismissed sub nom Vonville v. Sup't Mahanoy SCI*, No. 19-1629, 2019 WL 4668042 (3d Cir. Aug. 13, 2019).  The Commonwealth filed an appeal to the United States Court of Appeals for the Third Circuit.  On August 13, 2019, per

stipulation of the parties, the Third Circuit dismissed the matter pursuant to Fed. R. App. P. 42(b).  (*Id.*)

On July 8, 2019, while the Commonwealth's appeal of this court's decision was pending, Vonville was released from state custody.  (Doc. 1, p. 4.)  Two weeks later, Vonville was rearrested on criminal homicide.  Counsel was appointed to represent Vonville.  At Vonville's prompting, his court appointed counsel now serves as standby counsel.  *See* criminal docket.

On February 18–21, 2020, the Honorable Jonathan Mark presided over Vonville's retrial in the Monroe County Court of Common Pleas.  A mistrial was declared after the jury began deliberations.  (Doc. 1, p. 4.)  Due to scheduling issues incurred by the pandemic, and numerous appeals filed by Petitioner challenging the denial of nominal bail and seeking the dismissal of all charges on the grounds of an alleged Double Jeopardy violation, Petitioner's case is not presently listed for trial.  *See Commonwealth v. Vonville*, 873 EDA 2021 and 908 EDA 2021 (Pa. Super.)[3]  Both of Petitioner's petitions for review seeking the dismissal of the criminal charges with prejudice are currently pending before the Pennsylvania Superior court.  (*Id.*)

---

[3] The electronic docket sheet in both pending appeals is available to the public via the Unified Judicial System of Pennsylvania Web Portal, *https://ujsportal.pacourts.us/CaseSearch* (last visited Nov. 4, 2021).

On September 20, 2021, Vonville filed his petition arguing "improprieties" of the trial court's decision to allow his retrial to take place, the improper termination of his retrial in a mistrial due to juror misconduct, and the continuation of his criminal proceedings in violation of the Fifth Amendment's prohibition against double jeopardy. (Doc. 1., p. 4.) He also notes that his continued detention "obstruct[s] his ability" to represent and defend himself. (*Id.*, p. 5.) Vonville adds that after he was forced to defend himself from an attack by a fellow inmate at MCCF, he was criminally charged with harassment and disorderly conduct.[4] (*Id.*, p. 6.) Since that incident Vonville has been housed in MCCF's maximum-security block where his attacker is also housed. He argues that "in this environment anything can happen any day" to him. Petitioner claims his conditions of confinement exacerbate his post-traumatic stress disorder and cause him additional anxiety. (*Id.*) As relief, Vonville seeks his immediate release and an order dismissing his pending state criminal charges with prejudice. (*Id.*)

## JURISDICTION

A federal court has the authority under 28 U.S.C. § 2241(c)(3) to grant habeas relief to a state court defendant attempting to challenge the authority of his

---

[4] The electronic docket sheet related to this recent charge is available to the public via the Unified Judicial System of Pennsylvania Web Portal, *https://ujsportal.pacourts.us/CaseSearch* (last visited Nov. 4, 2021) (search: CP-45-CR-0000712-2020). Following a bench trial, Vonville was found guilty of both charges on October 26, 2021, and a concurrent sentence of 45 to 90 days' was imposed. (*Id.*)

pretrial detention. *See Moore v. DeYoung*, 515 F.2d 437, 441–42 (3d Cir. 1975); *see also Duran v. Thomas*, 393 F. App'x 3 (3d Cir. 2010). However, § 2241 may not be used to derail a "pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Moore*, 515 F.2d at 445; *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) (pretrial defendant cannot use § 2241(c) to "adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.")

Pursuant to 28 U.S.C. § 2242, the proper respondent for purposes of a § 2241 petition is "the person who has custody over" the petitioner. *See* 28 U.S.C. § 2242. In the instant case, therefore, the proper respondent is the Warden of MCCF.

## DISCUSSION

In his habeas petition, Vonville asks the court to terminate his ongoing state criminal proceeding for homicide and order his immediate release because he was successful in obtaining federal habeas relief based on an improper jury instruction, following his retrial the trial court improperly declared a mistrial based on juror misconduct, and any further retrial on the same charges violates the Double Jeopardy Clause in the Fifth Amendment. (Doc. 1.) Vonville's petition must be dismissed under the *Younger* abstention doctrine because of his ongoing criminal

proceeding and remaining state court avenues of relief which he is actively pursuing.

Under the *Younger* abstention doctrine, a federal court must abstain from hearing a federal case which interferes with certain state proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). While the concept of abstention "conflicts with federal courts' 'virtually unflagging' obligation to exercise their jurisdiction," the *Younger* abstention doctrine requires federal courts, in the absence of extraordinary circumstances, to refrain from interfering with certain ongoing state proceedings to "promote comity between the national and state governments." *Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 461 (3d Cir. 2019) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (citing *Younger,* 401 U.S. 37 (1971)). This judicially created doctrine is commonly referred to as the *Younger* abstention doctrine. *Younger* abstention only applies to when "the parallel state action falls within one of 'three exceptional categories': (1) criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Parr v. Colantonio*, No. 19-2967, 2021 WL 375029 (3d Cir. Feb. 3, 2021) (internal quotations omitted) (quoting *Sprint*, 571 U.S. at 78); *see also PDX North, Inc. v. Comm'r New Jersey Dep't of Labor and Workforce Dev.,* 978 F.3d 871, 882 (3d Cir. 2020) (same). Where the parallel state proceeding falls

within one of these categories, a federal court's abstention in favor of a state proceeding is appropriate if the following criteria are met:  (1) the state proceedings are ongoing; (2) the proceedings implicate an important state interest; and (3) the state proceedings provide an adequate opportunity to litigate the petitioner's federal constitutional claims.  *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Malhan*, 938 F.3d at 462 ("Only after a court finds that a proceeding fits one of those [three exceptional categories of cases] should it consider *Middlesex's* additional factors.").

In the instant case, the court finds that all the requirements for exercising *Younger* abstention are met.  The state-initiated criminal proceeding against Petitioner appears to still be ongoing; the proceeding implicates important state interests; to the extent Petitioner may have federal constitutional challenges, he is not barred from raising them in the state criminal proceeding (as well as other state court remedies); and this court's failure to abstain would directly interfere with the state proceeding.  These factors demonstrate that the court should abstain from considering Petitioner's claims and dismiss them without prejudice.

## DENIAL OF CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue "only if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). For the reasons set forth above, a substantial showing of the denial of a constitutional right has not been made in this case. Therefore, no certificate of appealability will issue. The court's denial of a certificate of appealability does not prevent Petitioner from appealing the order denying his petition so long as he seeks, and obtains, a certificate of appealability from the Third Circuit Court of Appeals. *See* Fed. R. App. 22(b)(1).

## CONCLUSION

For the foregoing reasons, Vonville's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 will be dismissed without prejudice.  His motion to proceed *in forma pauperis* will be granted as well as his motion to amend to name the proper respondent.  Because reasonable jurists would not find the disposition of this case debatable, no certificate of appealability will not issue.  An appropriate order will issue.

s/ Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Court Judge<br>
Middle District of Pennsylvania

Dated:  November 5, 2021